

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-96

| | |
|---|---|
| | Opinion Delivered August 31, 2016 |
| ARKANSAS HIGHWAY AND TRANSPORTATION DEPARTMENT AND ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLANTS<br><br>V.<br><br>BRENDA WIGGINS<br>APPELLEE | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G309636]<br><br><br><br><br><br><br><br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

The Arkansas Highway and Transportation Department (AHTD) appeals the opinion of the Arkansas Workers' Compensation Commission (Commission) that affirmed and adopted the opinion of the administrative law judge (ALJ) in awarding Brenda Wiggins 40% wage-loss disability and requiring AHTD to pay all reasonable hospital and medical expenses arising out of Wiggins's compensable injury. We affirm.

Wiggins sustained an admittedly compensable injury on 7 December 2013 when the dump truck she was driving was struck from behind by an eighteen-wheel tractor trailer. Her injuries from the accident included a nasal fracture and two transverse process

fractures in her lumbar spine. The accident also exacerbated a preexisting condition in her cervical spine, resulting in four bulging discs. In August 2014, Dr. Barry Baskin opined that Wiggins had reached maximum medical improvement and assessed a 7% impairment rating based on the cervical spine and 10% impairment rating based on the lumbar spine, totaling a 17% whole-person impairment rating. AHTD accepted this anatomical impairment rating and the corresponding permanent partial-disability benefits; however, it denied that Wiggins was entitled to wage-loss disability benefits. Wiggins contended that she was entitled to both wage-loss benefits and attorney's fees.

The ALJ held a hearing in February 2015 and issued a lengthy opinion in May 2015. After an exhaustive review of Wiggins's testimony, her daughter's testimony, and the medical evidence, the ALJ found as follows:

> The claimant's residual physical limitations and restrictions were such that respondent-employer was unable to accommodate her. The claimant is adversely affected by the medicines that she takes in the treatment of her compensable injury. Additionally, the claimant's residual physical limitations and restrictions adversely affects her ability to operate a motor vehicle, to perform small engine repairs, and the duration of time she is able to sit in a classroom setting.
>
> . . . .
>
> The claimant has sustained her burden of proof by a preponderance of the credible evidence, that when her age, education, work experience, and other matters reasonably expected to affect her future ear[n]ing capacity are considered in addition to the percentage of permanent physical impairment, she has sustained a loss of earning capacity or wage loss disability of 40% over and above her anatomical impairment.

The ALJ ordered AHTD to pay Wiggins permanent partial-disability benefits at the weekly compensation benefit rate of $289 to correspond with the 40% wage-loss disability, over and above the 17% anatomical impairment resulting from the 7 December

2013 compensable injury. The ALJ also ordered AHTD to pay all reasonably necessary medical expenses arising out of Wiggins's compensable injury.

AHTD appealed to the full Commission, arguing that the wage-loss disability award was excessive and contrary to the evidence and that "the ALJ's finding that the respondent shall pay all reasonable hospital and medical expenses arising out of the claimant's injuries of December 7, 2013 should not be affirmed on appeal because that was not an issue in dispute and was not litigated." In December 2015, the Commission, in a 2–1 majority opinion, affirmed and adopted the ALJ's opinion as its own.[1] AHTD has now timely appealed to this court.

We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence. *Parker v. Atl. Research Corp.*, 87 Ark. App. 145, 189 S.W.3d 449 (2004). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission: if so, the appellate court must affirm. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 269 S.W.3d 391 (2007). It is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008).

---

[1] Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*, 2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id.* Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id.*

## I. *Wage-Loss Disability*

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Wal-Mart Assoc., Inc. v. Keys*, 2012 Ark. App. 559, 423 S.W.3d 683. When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based on wage-loss factors. *Id*. The Commission is charged with the duty of determining disability based on consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, work experience, motivation, postinjury income, demeanor, and credibility. *Miller v. White Hall Sch. Dist.*, 2010 Ark. App. 460.

On appeal, AHTD first cites five other opinions from this court that affirmed an award of wage-loss disability benefits, or the denial of such benefits, and then explains how Wiggins is like or unlike the claimants in those cases. AHTD also reiterates Wiggins's testimony at length and argues that it is inconsistent and exaggerated as to her symptoms. Wiggins responds that the ALJ "considered each of the previously stated facts in detail," "spent more than 26 pages discussing the extent and effect of the vocational limitations experienced by [Wiggins]," and correctly concluded that she experienced a wage-loss disability of 40% beyond her impairment rating.

We affirm the Commission. As noted above, it is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence, *see Martin Charcoal, Inc.*, *supra*, and we will not second-guess that determination. Considering the fact-intensive nature of this inquiry, in which all the specific facts of this claimant's age, abilities, education, physical and mental limitations,

motivation, and demeanor and any other factor deemed relevant are to be considered, *see Miller*, *supra*, and viewing the evidence in the light most favorable to the Commission's decision as we must, we hold that reasonable minds could conclude that Wiggins was entitled to 40% wage-loss disability in excess of her permanent partial impairment.

## II. *Medical Treatment*

On this point, AHTD argues that the Commission's award of medical treatment is not supported by substantial evidence because medical treatment was not at issue at the hearing before the ALJ. AHTD also argues that the Commission failed to make specific findings on this issue, so this court should reverse and remand for such findings.

Arkansas Code Annotated section 11-9-508(a) (Repl. 2012) provides that an employer "shall promptly provide such medical, surgical, hospital, chiropractic, optometric, podiatric, and nursing services and medicine . . . as may be reasonably necessary in connection with the injury received by the employee." AHTD is correct that Wiggins's entitlement to medical treatment was not at issue because AHTD had already accepted the compensability of Wiggins's injury and was therefore already responsible for Wiggins's medical treatment arising from the compensable injury. The Commission's finding that AHTD "shall pay all reasonable hospital and medical expenses arising out of the claimant's injuries of December 7, 2013" was simply a restatement of a responsibility that AHTD had already accepted; therefore, we hold that there is no basis for reversal and no need for additional findings on the issue.

Affirmed.
GLOVER and VAUGHT, JJ., agree.
*Charles H. McLemore, Jr.*, Public Employee Claims Division, for appellant.
*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellee.