Cite as 2021 Ark. App. 450

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-21-114

| | |
|---|---|
| ACE FENCE COMPANY, INC.; AND ARKANSAS PROPERTY AND CASUALTY GUARANTY FUND<br><br>APPELLANTS<br><br>V.<br><br>JEFFREY ANDREWS<br><br>APPELLEE | **Opinion Delivered** November 17, 2021<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G804572]<br><br><br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellee Jeffrey Andrews sustained a compensable spinal injury as a result of an automobile accident on July 25, 2017. The Arkansas Workers' Compensation Commission found that Andrews sustained 10% wage-loss disability in excess of his 11% permanent anatomical impairment. Appellants, Ace Fence Company, Inc., and the Arkansas Property and Casualty Guaranty Fund (collectively, "Ace"), appeal from the Commission's decision and argue that the wage-loss determination is not supported by substantial evidence.[1] We affirm the Commission's decision.

### I. *Factual and Procedural Background*

Andrews testified that his job duties for Ace included driving to the homes of prospective customers, measuring areas to be fenced, and inputting data into his computer

---

[1]Andrews filed a notice of cross-appeal but has chosen not to pursue it.

to generate a price estimate. He had been working for Ace for over four years when he was injured. Andrews testified that he was driving to his next appointment when a mail truck struck the passenger side of his vehicle. He was treated at the emergency room for some discomfort in his neck. Afterwards, he saw Dr. Kyle Mangels, who treated him with physical therapy for two months before releasing him. Andrews said that he continued to work for Ace and that the physical therapy seemed to be helping until September 2018 when his condition worsened. In December, Andrews had an anterior discectomy and fusion at C5-6 and C6-7. In February 2019, he tried to return to work for Ace but was told that his job had been "dissolved."

Andrews testified that he has not completely recovered from his injury and that he cannot physically do much of anything. He said that he sees Dr. Joseph Miller for pain management, which includes injections in his neck and a prescription for medical marijuana. He cannot drive for more than a mile or two and cannot turn his head; he cannot engage in activities he used to enjoy such as camping; and he cannot mow his lawn or do household chores. Andrews submitted to a functional capacity evaluation (FCE) in August 2019 and scored a 52 out of 53; however, he testified that he subsequently could not get out of bed and that it took three or four days to recover from having taken the test. Andrews said that he is in pain 85% of the time. He stated that he last saw Dr. Mangels in October 2019 and was given a permanent physical-lifting restriction of fifty pounds.

At the time of the hearing, Andrews was fifty-one years old. Before working at Ace, Andrews, who in 2011 received a bachelor's degree in history, had worked as a substitute teacher. He had also worked at Sykes, Whirlpool, and Bank of America. He said that he

could not do any of those jobs now because looking down at a computer hurts his neck and shoulder. Andrews testified that he has applied for nonmanual-labor positions online but has not been offered a job. Andrews testified that he has applied for state jobs, supervisory jobs, a medical-transport job, and a position as a park interpreter. He said that, once prospective employers learn that he has neck problems, he does not hear back from them.

An administrative law judge (ALJ) had determined that Andrews failed to prove by a preponderance of the evidence that he is entitled to wage-loss benefits. Andrews appealed that decision to the Commission. The Commission reversed the ALJ's decision and found that Andrews had proved entitlement to 10% wage-loss disability. The Commission noted Andrews's age and work history and found that he had given a reliable effort on the FCE, which revealed that he could perform "medium" work. The Commission found that Dr. Mangels had given Andrews a fifty-pound lifting restriction and an 11% permanent anatomical impairment rating, which Ace had accepted. The Commission noted, however, that Ace had not allowed Andrews to return to work even though he is motivated to resume gainful employment. The Commission found that Andrews had applied for several jobs but had been unable to procure employment. The Commission found that Andrews cannot turn his neck, which limits his driving abilities, and that he has now been prescribed marijuana, which makes him sleepy but offers him no substantive pain relief. The Commission stated that

> [w]e reiterate that the respondents terminated the claimant's employment after surgery following the compensable injury. The claimant now has an 11% permanent anatomical impairment and suffers with chronic pain which is causally related to the compensable injury. Although the claimant is relatively young at age 51 and has earned an undergraduate degree, he now has permanent physical restrictions as a

3

result of the compensable injury in addition to an 11% permanent anatomical impairment rating.

## II. *Standard of Review*

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Hixon v. Baptist Health*, 2010 Ark. App. 414, 375 S.W.3d 690. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id*. The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm. *Hope Sch. Dist. v. Wilson*, 2011 Ark. App. 219, 382 S.W.3d 782. Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id*.

## III. *Discussion*

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Ark. Highway & Transp. Dep't v. Wiggins*, 2016 Ark. App. 364, 499 S.W.3d 229. When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating on the basis of the wage-loss factors. *Id*. The Commission is charged with the duty of determining disability taking into consideration the medical evidence and other factors affecting wage loss, such as the claimant's age, education, work experience, motivation, postinjury income, demeanor, and credibility. Ark. Code Ann. § 11-9-522(b)(1) (Repl. 2012). The Commission may use its own superior knowledge of industrial demands, limitations, and requirements in

4

conjunction with the evidence to determine wage-loss disability. *Newberry Green Forest Prods. v. McGill*, 2012 Ark. App. 19.

Ace contends that there was no evidence of any kind, other than Andrews's testimony, that he is unable to return to work. Ace argues that Andrews has only a fifty-pound lifting restriction and that Andrews testified that Ace did not require any lifting over twenty-five pounds. Ace asserts that none of Andrews's previous jobs likely required any manual labor or heavy lifting. Ace points out that Andrews is fifty-one years old with a college degree and that the FCE indicated that he could work in the medium classification. Ace also argues that Andrews did not provide any proof of job applications or any specific job postings—he merely stated that he had searched for jobs.

The Commission considered the relevant wage-loss factors and clearly found Andrews's testimony credible in terms of his job searches and his motivation to return to work. According to Andrews, using a computer and driving were important aspects of both his job at Ace and at his previous jobs. Following his injury, Andrews can neither look down at a computer nor drive. Andrews, who had worked until the day before his surgery, tried to return to work for Ace after recuperating, but Ace had discontinued his job. Moreover, the record does not reflect that Ace offered him any other job that was within his limitations. Andrews now has a permanent physical-lifting restriction, which eliminates most manual-labor positions. Aside from suggesting that there are nonmanual-labor jobs available, Ace did not prove that Andrews has a bona fide offer of employment that he is capable of performing. Ark. Code Ann. § 11-9-522(b)(2) & (c); *Ark. Dep't of Transp. v. Abercrombie*, 2019 Ark. App. 372, 584 S.W.3d 701. We do not second-guess the Commission's

determination on credibility and the weight of the evidence. We hold that there is substantial evidence to support the Commission's decision that Andrews sustained 10% wage-loss disability in excess of his 11% permanent anatomical impairment.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

*Hope, O'Dwyer, Wilson & Arnold, P.A.*, by: *Kevin M. O'Dwyer* and *Christopher B. Arnold*, for appellants.

*Walker Law Group, PLC*, by: *Eddie H. Walker, Jr.*, for appellee.